RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4943-15T3

M.F.,

 Plaintiff-Respondent,
v.

R.W.,

 Defendant-Appellant.

____________________________________

 Submitted July 18, 2017 – Decided July 28, 2017

 Before Judges Reisner and Suter.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Mercer County,
 Docket No. FV-11-1425-16.

 R.W., appellant pro se.1

 Respondent has not filed a brief.

PER CURIAM

1
 The brief submitted by R.W. includes the name of his former
attorney, but it is signed by R.W. in a self-represented capacity.
 R.W.2 appeals the entry of a final restraining order (FRO) on

July 7, 2016 under the Prevention of Domestic Violence Act (the

Act), N.J.S.A. 2C:25-17 to -35. We affirm.

 M.F. (Mary) is the adult daughter of R.W. (Ryan). They are

former members of the same household. Mary testified that she had

been living in Florida, but recently moved back to Trenton at the

urging of D.W., Mary's grandmother and Ryan's mother

(grandmother), to assist with grandmother's care. Ryan and his

brother had been providing care for grandmother, who may have

dementia. Grandmother testified she asked Mary to return to New

Jersey because she understood Mary had no other place to go.

 On May 17, 2016, just two days after Mary returned from

Florida, a confrontation occurred between Ryan and Mary at

grandmother's house. During the confrontation, Mary said Ryan

grabbed her clothing as she was ascending the stairs, pulled her

down the steps, "stomped" on her chest and head, and kicked her.

Mary called the police, but according to her, they asked her to

leave the premises. She went to the hospital and was admitted

overnight for a lung contusion.

2
 We use initials and pseudonyms throughout the opinion because of
the underlying domestic violence litigation. R. 1:38-3.

 2 A-4943-15T3
 Ryan denied he was the aggressor in the confrontation,

testifying that he intervened during Mary's argument with a home

health aide. He testified he did not have physical contact with

Mary except he did "grab" her to keep from falling, and as a

consequence, they both landed on the floor. Neither the home

health aide nor grandmother, both of whom were present, saw the

reported physical confrontation between Ryan and Mary, although

they both testified that at some point Ryan threw Mary's clothes

down the steps to the first floor.

 Mary applied for and obtained a temporary restraining order

(TRO) against Ryan. The predicate offenses alleged were assault,

N.J.S.A. 2C:12-1; harassment, N.J.S.A. 2C:33-4; and terroristic

threats, N.J.S.A. 2C:12-3. See N.J.S.A. 2C:25-19(a) (listing

predicate offenses). A few days later, Ryan also obtained a

temporary restraining order (Ryan's TRO) against Mary.3

 The cases were adjourned to enable Mary to obtain counsel,

but she did not do so and represented herself at trial. After two

days of testimony, the trial judge found "a large part of the

testimony of both parties was simply not credible. It was prone

3
 Ryan's TRO under docket number FV-11-1465-16 was not referenced
in his appeal. It was tried together with Mary's request for a
final restraining order, and was dismissed, but there is no order
to this effect in the record.

 3 A-4943-15T3
to exaggeration." However, because of the hospital record that

indicated Mary had suffered a lung contusion, the court was

satisfied Mary had proven that an assault occurred. The court

found "there was a contusion to the chest sufficient enough for

them to prescribe pain medication, to encourage her to return at

a future date."

 The trial court concluded that Mary had proven the predicate

acts of assault and harassment by a preponderance of the evidence,

but that she had not proven the predicate act of terroristic

threats, which claim was dismissed.4 Based upon Mary's allegation

that there had been two prior incidents of domestic violence, the

court found there was a need to protect her from Ryan. The court

accepted this portion of Mary's testimony about past domestic

violence, finding Ryan's denials were not credible. The court

entered the FRO on July 7, 2016 that restrained Ryan from contact

with Mary.

 On appeal, Ryan contends that Mary failed to prove the acts

of assault or harassment, that the FRO was not supported by

sufficient credible evidence in the record, and that on remand the

case should be heard by a different judge.

4
 Mary did not appeal nor file a brief in this appeal.

 4 A-4943-15T3
 Our standard of review of the trial court's factual findings

is limited. Factual findings are "binding on appeal when supported

by adequate, substantial, and credible evidence." Rova Farms

Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)

(citation omitted). Findings and conclusions of the trial judge

are entitled to enhanced deference in family court matters. Cesare

v. Cesare, 154 N.J. 394, 413 (1998). We also defer to credibility

assessments made by a trial court unless they are manifestly

unsupported by the record, because the trial court had the critical

ability to observe the parties' conduct and demeanor during the

trial. Weiss v. I. Zapinsky, Inc., 65 N.J. Super. 351, 357 (App.

Div. 1961).

 The entry of a final restraining order requires the trial

court to make certain findings. See Silver v. Silver, 387 N.J.

Super. 112, 125-26 (App. Div. 2006). The court "must determine

whether the plaintiff has proven, by a preponderance of the

credible evidence, that one or more of the predicate acts set

forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. The

court should make this determination "in light of the previous

history of violence between the parties." Ibid. (quoting Cesare,

supra, 154 N.J. at 402). Next, the court must determine whether

a restraining order is required to protect the party seeking

 5 A-4943-15T3
restraints from future acts or threats of violence. Id. at 126-

27. That means "there must be a finding that 'relief is necessary

to prevent further abuse.'" J.D. v. M.D.F., 207 N.J. 458, 476

(2011) (quoting N.J.S.A. 2C:25-29(b)).

 Here, the record supports the trial court's credibility

determinations and factual findings. The trial judge found that

neither party was entirely credible, but because there was medical

documentation to support Mary's claim that her lung was injured

by Ryan when he "stomped" on her chest, the court found her

credible in this regard.

 There was ample evidence to support the court's finding that

the predicate act of simple assault was established. A simple

assault is committed when a person "[a]ttempts to cause or

purposely, knowingly or recklessly causes bodily injury to

another[.]" N.J.S.A. 2C:12-1(a)(1). "'Bodily injury' means

physical pain, illness or any impairment of physical condition[.]"

N.J.S.A. 2C:11-1(a). The court gave credence to Mary's version

of events to the extent corroborated by her medical records,

because "[t]here's no other explanation for [the contusion to the

chest]" other than Mary's testimony that Ryan caused her injury.

Given the court's credibility determination, there was ample

 6 A-4943-15T3
evidence in the record to support its finding that an assault

occurred.

 A person commits the offense of harassment if, "with purpose

to harass another, he . . . [s]ubjects another to striking,

kicking, shoving, or other offensive touching, or threatens to do

so." N.J.S.A. 2C:33-4(b). We agree with the court that the record

supports a finding of harassment based upon the confrontation that

occurred between the parties on May 17 and the medical record

confirmation of an injury.

 A restraining order will not issue based solely on the

commission of a predicate offense listed in the Act. Bittner v.

Harleysville Ins. Co., 338 N.J. Super. 447, 454 (App. Div. 2001)

(citing N.B. v. T.B., 297 N.J. Super. 35, 40 (App. Div. 1997)).

A court must also consider additional factors that include "(1)

[t]he previous history of domestic violence between the [parties],

including threats, harassment and physical abuse; (2) [t]he

existence of immediate danger to person or property; . . . [and]

(4) [t]he best interests of the victim and any child[.]" N.J.S.A.

2C:25-29(a)(1), (2) and (4). Indeed, "the guiding standard is

whether a restraining order is necessary, upon an evaluation of

the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to

 7 A-4943-15T3
protect the victim from an immediate danger or to prevent further

abuse." Silver, supra, 387 N.J. Super. at 127.

 We agree with the court that the record supported the need

to protect Mary against Ryan's acts of domestic violence based on

the court's credibility determination about the earlier acts of

domestic violence, and Mary's fear he would repeat the violence.

We are satisfied that the record supported the entry of the FRO.

 Affirmed.

 8 A-4943-15T3